THOMAS R. BURKE (CA State Bar No. 141930)
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

ELIZABETH A. MCNAMARA (*pro hac vice* pending)
lizmcnamara@dwt.com
JOHN M. BROWNING (*pro hac vice* pending)
johnbrowning@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

Attorneys for Non-Party Journalist
William Meagher

FILED
FEB 28 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

CV 17 80 026 MISC

| | |
|---|---|
| John J. Hurry and Justine Hurry, as husband and wife; Investment Services Corporation, an Arizona Corporation, BRICFM LLC d/b/a Corner of Paradise Ice Cream Store, a California Limited Liability Company, <br><br>    Plaintiffs, <br><br> vs. <br><br> Financial Industry Regulatory Authority, Inc., <br><br>    Defendant. | Case No. 14-cv-04420-NC <br><br> **DECLARATION OF JOHN M. BROWNING IN SUPPORT OF NOTICE OF MOTION AND MOTION OF TO QUASH SUBPOENA** <br><br> Hearing Date: <br> Hearing Time: |

I, JOHN M. BROWNING, being of lawful age and otherwise competent to testify in a court of law, do hereby declare under penalty of perjury that the following is true and correct pursuant to 28 U.S.C. §1746:

1. I am an associate at Davis Wright Tremaine LLP, counsel to non-party journalist William Meagher. I intend to file an application for admission to practice before this Court *pro hac vice*. I make this declaration based on my personal knowledge and submit this declaration,

-1-

together with the exhibits annexed hereto, in support of Mr. Meagher's motion to quash a subpoena served on him by the plaintiffs ("Plaintiffs") in an action currently pending before the United States District Court of Arizona. *Hurry v. Financial Industry Regulatory Authority*, Case No. CV-14-02490-PHX-ROS (D. Ariz) (the "Arizona Action").

## THE ARIZONA ACTION

1. On August 29, 2016 Plaintiffs' previous counsel in the Arizona Action filed a motion to withdraw because they found themselves "ethically required to terminate their representation" of Plaintiffs. Annexed hereto as Exhibit A is a true and correct copy of the motion for leave to withdraw filed by Plaintiffs previous counsel in the Arizona Action, Dkt. No. 116. The law firm of Harder Mirell & Abrams subsequently appeared as counsel for Plaintiffs in the Arizona Action on October 27, 2016. Arizona Action, Dkt. No. 134.

2. On February 16, 2017, the parties to the Arizona Action filed a joint status report (the "Joint Status Report") indicating that the close of discovery was set for March 1, 2017. Annexed hereto as Exhibit B is a true and correct copy of the Joint Status Report filed in the Arizona Action, Dkt. No. 154. The Joint Status Report also indicates that the depositions of "the major percipient witnesses" have not taken place and that these depositions will not take place until after the March 1 close of discovery.

## THE NEW YORK ACTION

3. On May 26, 2016, plaintiffs Scottsdale Capital Advisors Corp. and John Hurry (collectively, "Scottsdale Plaintiffs") filed a summons with notice against Mr. Meagher and his employer, The Deal LLC (collectively, the "Deal Defendants"), with the Supreme Court of the State of New York, New York County through their counsel at that time, CKR Law ("CKR").[1] CKR have not appeared in connection with the action currently pending before this Court.

4. On June 13, 2016, The Deal Defendants served a demand for complaint, which required Scottsdale Plaintiffs to serve a complaint on The Deal Defendants within twenty days of

---

[1] Under the New York Civil Practice Law and Rules (the "CPLR"), a plaintiff may serve a summons with notice in lieu of a complaint, provided the complaint is subsequently served on the defendant within the applicable time limit for doing so.

-2-

service of the demand. The Deal Defendants repeatedly agreed to extend the time for Scottsdale Plaintiffs to serve the complaint so that the parties could discuss whether it would be possible to resolve the action without resort to further litigation.

5.    During this period, I participated in a number of phone calls with Ronniel Levy, a CKR lawyer representing Scottsdale Plaintiffs at the time, who informed me that his clients wanted to know whether agents of the Financial Industry Regulatory Agency ("FINRA") had provided Mr. Meagher with information about Scottsdale Plaintiffs. Mr. Levy suggested to me that Scottsdale Plaintiffs were willing to voluntarily dismiss their New York lawsuit provided The Deal Defendants identify the unnamed sources Mr. Meagher relied on in his reporting about Scottsdale Plaintiffs' involvement in the Biozoom stock fraud for *The Deal Pipeline*. We informed Mr. Levy that the applicable statutory reporters' shield law provided The Deal Defendants with an absolute privilege against being compelled to reveal the identity of their confidential sources. *See* New York Civil Rights Law § 79-h(b). Accordingly, The Deal Defendants refused to identify Mr. Meagher's sources.

6.    After the parties were unable to reach a resolution, Scottsdale Plaintiffs served The Deal Defendants with their complaint on September 7, 2016 (the "New York Complaint"). A true and correct copy of the New York Complaint is annexed hereto as Exhibit C. The New York Complaint alleges a single libel claim based on a *Deal Pipeline* article published by Scottsdale Defendants on May 28, 2015, which is not at issue in this lawsuit (the "May 28 Article"). The New York Complaint also contains conclusory and unsupported allegations that Mr. Meagher's confidential sources for the May 28 Article were individuals "within FINRA or government regulatory agencies that have discussed confidential information involving Plaintiffs" and that "the identity of such sources would not be protected by the NYS 'Shield' laws" protecting the anonymity of confidential sources. Exhibit C at ¶ 24; *see also id.* at ¶ 20.

7.    In response to the New York Complaint, The Deal Defendants prepared to file a motion to dismiss the New York Complaint for failure to state a claim. Scottsdale Plaintiffs were aware of The Deal Defendants' intention to move for dismissal and stipulated to several extensions of the deadline for filing the motion to dismiss. Without warning, on November 3,

DAVIS WRIGHT TREMAINE LLP

2016 – the day before Scottsdale Defendants' were scheduled to file their motion to dismiss – The Deal Plaintiffs voluntarily withdrew the New York Complaint. Annexed hereto as Exhibit D is a true and correct copy of the notice of discontinuance without prejudice filed by CKR to withdraw the New York Complaint. Because Scottsdale Plaintiffs failed to give any prior indication that the New York action would be dismissed voluntarily, The Deal Defendants had practically finished briefing their motion to dismiss before learning that they had expended a substantial amount resources on futile motion papers.

### THE NEW HAMPSHIRE ACTION

8. On November 18, 2016, the Scottsdale Plaintiffs filed a separate complaint against Mr. Meagher and the Deal with the Superior Court of New Hampshire, which alleged that the December 9, March 20 and April 16 Articles gave rise to four claims: (1) defamation, (2) false light invasion of privacy, (3) intentional interference with contractual relations and (4) tortious interference with prospective economic advantage (the "New Hampshire Complaint").

9. On December 22, 2016, The Deal Defendants removed the New Hampshire Complaint to the United States District Court for the District of New Hampshire. *See Scottsdale Capital Advisors Corp. v. The Deal LLC*, 16-cv-00545 (D.N.H.) (the "New Hampshire Action"). On February 2, 2017, The Deal Defendants moved to dismiss the New Hampshire Complaint for lack of personal jurisdiction. New Hampshire Action, Dkt. 16. That motion will be fully briefed on or before March 2, 2017.

### THE SUBPOENA

10. Since counsel for Plaintiffs failed to contact Mr. Meagher or his attorneys to discuss scheduling and other matters related to the Subpoena, as required by Local Rule 30.1, counsel for Mr. Meagher sent a letter to all counsel of record for the Arizona Action on February 27, 2017 putting them on notice of Mr. Meagher's intention to defend his rights by filing a motion to quash the Subpoena (the "Letter"). Annexed hereto as Exhibit E is a true and correct copy of the Letter. The Letter also appraised Plaintiffs of Mr. Meagher's rights and requested that they withdraw the Subpoena.

-4-

DECL. OF BROWNING IN SUPPORT OF MOTION TO QUASH
Case No.
NG-S40TG52V 4841-8058-2724v.1 0090219-000012

11.     I am informed that Jordan Susman – an attorney for Plaintiffs and the individual who signed the Subpoena – contacted Elizabeth McNamara – the lead partner representing Mr. Meagher – for the first time on the morning of February 28, 2017. Mr. Susman offered to voluntarily withdraw Plaintiffs document demand if Mr. Meagher agreed to attend a deposition. Without making a commitment, Mr. Susman also indicated that he might be willing to restrict his line of questioning to avoid requiring Mr. Meagher to divulge his confidential sources, asserting that he had a right to ask Mr. Meagher to confirm he wrote the articles at issue and to ask general questions about certain published statements (*i.e.* whether they were opinion).

12.     Ms. McNamara explained that, even assuming that the deposition would not delve into Mr. Meagher's sources and unpublished newsgathering materials (which is highly doubtful), the deposition would still be improper because the only questions pertinent to the Arizona Action that Mr. Meagher could be asked about relate to his confidential source(s), which he cannot be compelled to testify about. The Arizona Action turns entirely on whether FINRA was Mr. Meagher's confidential source: if it was not, Plaintiffs' claims against FINRA will be dismissed. *See Hurry v. Fin. Indus. Reg. Auth.*, CV-14-02490, 2016 U.S. Dist. LEXIS 90147, at * 9-10 (D. Ariz. Apr. 4, 2016). The judge in the Arizona Action expressly admonished the parties that she would "very carefully circumscribe discovery to allow this case to quickly reach a resolution." *Id.* at *10-11. Mr. Meagher is not a party to the Arizona Action and the allegations of libel are directed at FINRA, not at him, so his general reflections on the articles at issue are not relevant. Mr. Meagher has also affirmed that he wrote the articles at issue in his declaration accompanying this motion, so any questions on that subject would be redundant.

13.     In sum, since counsel for Plaintiffs is unable to depose Mr. Meagher on the one issue relevant to their case (*i.e.* Mr. Meagher's sources), Ms. McNamara informed Mr. Susman that it would be both contrary to the reporters' privilege and the scope of discovery in the Arizona Action to force Mr. Meagher to go through the motions of sitting for a futile deposition. However, it was agreed that the dialogue would continue. In the interim, Ms. McNamara informed Plaintiffs' counsel that the motion to quash would be filed, as noticed, to safeguard Mr. Meagher's rights.

DECL. OF BROWNING IN SUPPORT OF MOTION TO QUASH
Case No.
NG-S40TG52V 4841-8058-2724v.1 0090219-000012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th day of February, 2017 in New York, New York.

*John M. Browning*
John M. Browning

DAVIS WRIGHT TREMAINE LLP

-6-
DECL. OF BROWNING IN SUPPORT OF MOTION TO QUASH
Case No.
NG-S40TG52V 4841-8058-2724v.1 0090219-000012