**EXHIBIT E**



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
(212) 489-8230 tel
(212) 489-8340 fax

lizmcnamara@dwt.com

February 27, 2017

**Via Email**

Jordan Susman, Esq.
132 South Rodeo Drive, 4th Floor
Beverly Hills, CA 90212
jsusman@hmafirm.com

Re:   *Hurry v. Financial Industry Regulatory Authority, Inc.*, 14-cv-04420-NC (D. Ariz.)

Dear Mr. Susman:

  We represent William Meagher and write to request that you voluntarily withdraw the subpoena you served on him on February 14, 2017 demanding that he appear for deposition in San Francisco on March 1 (the "Subpoena"). For the reasons set forth below, we believe that your efforts to compel Mr. Meagher to give up his confidential source(s) and unpublished newsgathering materials are futile. In order to protect Mr. Meagher's rights, please be advised we intend to file a motion to quash the Subpoena with the United States Court for the Northern District of California tomorrow, February 28, 2017. However, we have taken this opportunity to urge you to withdraw the Subpoena before saddling the parties with redundant litigation that will only serve to prove that Mr. Meagher cannot be compelled to testify.

  As a threshold matter, we note that you have failed to comply with the Local Rules of the Court charged with enforcing the Subpoena, the Northern District of California. Local Rule 30-1 requires that a "party noticing a deposition of a witness who is not a party or affiliated with a party must also meet and confer about scheduling…." Since you represent the plaintiffs in an action pending against Mr. Meagher in the District of New Hampshire, you are aware that we act as his counsel. Yet you have failed to reach out, as required, to initiate a scheduling conversation that could have resulted in an efficient resolution of this dispute. In light of your protracted silence, we have been forced to undertake the expense of preparing a motion to quash in order to guarantee Mr. Meagher's rights against compelled disclosure in this case.

  As you will see from our motion to quash, enforcement of the Subpoena is prohibited by well-established law. First, California's shield law provides non-party journalists like Mr. Meagher with a "virtually absolute protection against compelled disclosure." *Mitchell v. Superior Court*, 37 Cal. 3d 268, 274 (1984); *see also N.Y. Times v. Superior Court*, 51 Cal 3d 453, 461 (1990) ("The shield law provides an absolute rather than a qualified immunity."). Simply put, since Mr. Meagher is a professional journalist and the Subpoena calls exclusively for

February 27, 2017
Page 2

confidential newsgathering materials obtained in the course of his professional activities, the shield law mandates that the Subpoena be quashed.

      A second, independent reason that the Subpoena must fail is that Mr. Meagher is entitled to a qualified privilege under the free speech guarantees of the Federal and California constitutions. Accordingly, "in a civil action a reporter, editor or publisher has a qualified privilege to withhold disclosure of the identity of confidential sources and of unpublished information supplied by such sources." *Mitchell*, 37 Cal. 3d at 279; *see also Schoen v. Schoen*, 5 F.3d 1289 (9th Cir. 1993) (establishing similar federal common law privilege). Since the Subpoena expressly calls for Mr. Meagher's unpublished notes and since it is clear that the identity of Mr. Meagher's confidential source(s) will be a topic of the proposed deposition, you must make a rigorous showing in order to overcome the privilege. This you cannot do. The following considerations are but a few of the factors that weigh decisively in favor of non-disclosure: Mr. Meagher is a non-party journalist, the Subpoena calls for testimony in a civil action, you have failed to exhaust all other potential sources of information and Mr. Meagher's confidential source(s) have a strong interest in remaining free from the possibility of retribution from your clients. In sum, the qualified reporters' privilege, like the California shield law, requires that the Subpoena be quashed.

      For all these reasons, which are only briefly summarized, we do not believe that the Subpoena can be enforced. Accordingly, we repeat our request that you voluntarily withdraw the Subpoena immediately for the sake of saving both of our clients the expense of more needless motion practice. That said, I would be happy to discuss these issues further with you, if you wish.

      This letter does not constitute a complete statement of our clients' rights or remedies with respect to this matter, all of which are hereby expressly reserved.

Best regards,

*Elizabeth M. Namara (JMB)*

Elizabeth A. McNamara

cc:    Thomas R. Burke, Esq. (via email)
        John M. Browning, Esq. (via email)
        Counsel for parties of record (via email)