Charles J. Harder (SBN 184593)
Jordan Susman (SBN 246116)
HARDER MIRELL & ABRAMS L.L.P.
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90067
Telephone: (424) 203-1600
E-mail: CHarder@hmafirm.com
        JSusman@hmafirm.com

Attorneys for Plaintiffs
John J. Hurry, Justine Hurry, Investment
Services Corporation, BRICFM LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John J. Hurry and Justine Hurry, as husband and wife, Investment Services Corporation, an Arizona corporation, BRICFM dba Corner of Paradise Ice Cream Store, a California limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>Financial Industry Regulatory Authority, Inc., a Delaware corporation,<br><br>Defendant. | Case No. 3:17-mc-80026-LB<br><br>(D. Ariz. No. 14-cv-02490-PHX-ROS)<br><br>**DECLARATION OF JORDAN SUSMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO THIRD PARTY WILLIAM MEAGHER'S MOTION TO QUASH SUBPOENA**<br><br>Date: April 6, 2017<br>Time: 9:30 a.m.<br>Courtroom: C |

25454449

I, JORDAN SUSMAN, being of lawful age and otherwise competent to testify in a court of law, do hereby declare under penalty of perjury that the following is true and correct pursuant to 28 U.S.C. § 1746:

1. I am an attorney duly licensed to practice before all courts of the State of California and in the Northern District of California. I am Of Counsel at the law firm of Harder Mirell & Abrams LLP, counsel of record for Plaintiffs John Hurry, Justine Hurry, Investment Services Corporation, and BRICFM dba Corner of Paradise Ice Cream Store (collectively, "Plaintiffs"). I make this declaration based upon my personal knowledge and submit this declaration together with the exhibits annexed hereto in support of Plaintiffs' Opposition to Motion to Quash Subpoena filed by third party William Meagher in an action currently pending in the District of Arizona (case no. 14-cv-02490-PHX-ROS) (the "FINRA Action").

2. Annexed hereto as Exhibit 1 is a true and correct copy of Plaintiffs' operative Second Amended Complaint in the FINRA Action. FINRA Action Dkt. No. 71.

3. On February 7, 2017 FINRA produced more than 8,000 pages of documents, or approximately 73% of all documents produced by FINRA in the FINRA Action.

4. Between February 17 and February 28, 2017, the parties in the FINRA Action conducted 13 separate depositions in Phoenix, New York, and Washington D.C.

5. Annexed hereto as Exhibit 2 is a true and correct copy of the Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") that I prepared on February 14, 2017. The Subpoena set Mr. Meagher's deposition for March 1, 2017 in San Francisco – the last day for fact discovery in the FINRA Action.

6. Annexed hereto as Exhibit 3 is a true and correct copy of the Proof of Service of the Subpoena on William Meagher.

7. Annexed hereto as Exhibit 4 is a true and correct copy of the email and letter I received via email on February 27, 2017 at approximately 4:35 p.m. PST from Elizabeth A. McNamara, counsel for Mr. Meagher.

8. On February 28, 2017 at approximately 7:32 a.m. PST, I met and conferred with Ms. McNamara telephonically regarding Mr. Meagher's deposition. Over the course of our 14 minute phone call, I offered to unilaterally withdraw the requests for production that accompanied the Subpoena. In addition, I informed Ms. McNamara that Plaintiffs would not ask Mr. Meagher at his deposition to divulge the sources of the defamatory statements in his articles. I further informed Ms. McNamara that I would only ask questions that do not fall within the ambit of California's press shield law, including:

- Did Mr. Meagher write every word in the articles?
- Did Mr. Meagher write the headlines that accompanied his articles?
- Do the articles contain hyperbole, opinion, or conjecture?
- What steps did Mr. Meagher take to fact check the allegations in his articles?
- What are the *Deal Pipeline*'s policies for fact checking stories?
- Did Mr. Meagher follow those policies?

9. Ms. McNamara told me that she would seek direction from her client, whether he would appear at his deposition, based upon my numerous concessions in our meet and confer. Ms. McNamara called me back less than one hour later on February 28, 2017 and informed me that neither she nor Mr. Meagher would entertain any compromise that would allow Mr. Meagher to appear at his duly noticed deposition and instead would file the current Motion to Quash.

10. Annexed hereto as Exhibit 5 is a true and correct copy of FINRA's Answer to the operative complaint in the FINRA Action. FINRA action Dkt. No. 88.

11. If Mr. Meagher testifies that he, or his employer, requires more than one source for any allegation in an article, it would significantly impact Plaintiffs' claims against FINRA, as it would indicate that there was more than one source for the allegations in Mr. Meagher's articles.

...

1      I declare under penalty of perjury under the laws of the United States that the
2  foregoing is true and correct.  Executed this 14th day of March 2017 in Los Angeles,
3  California.

*[signature]*

Jordan Susman

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been furnished via e-mail this 14th day of March, 2017 to the following:

Joseph G. Adams
Carlie Tovrea
Snell & Wilmer LLP
One Arizona Center
400 East Van Buren, Suite 1900
Phoenix, Arizona 85004-22020

ctovrea@swlaw.com
jgadams@swlaw.com

*Attorney for Plaintiffs*

George Brandon
Gregory A. Davis
Gregory Schneider
SQUIRE PATTON BOGGS (US) LLP
One East Washington Street, Suite 2700
Phoenix, Arizona 85004

gregory.schneider@squirepb.com
gregory.davis@squirepb.com
george.brandon@squirepb.com

*Attorney for Defendants*

/s/ Vivian Winn
VIVIAN WINN

25454449

- 5 -