THOMAS R. BURKE (CA State Bar No. 141930)
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:     (415) 276-6500
Facsimile:     (415) 276-6599

ELIZABETH A. MCNAMARA (*pro hac vice*)
lizmcnamara@dwt.com
JOHN M. BROWNING (*pro hac vice*)
johnbrowning@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone:  (212) 489-8230
Facsimile:   (212) 489-8340

Attorneys for Non-Party Journalist
William Meagher

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| John J. Hurry and Justine Hurry, as husband and wife; Investment Services Corporation, an Arizona Corporation, BRICFM LLC d/b/a Corner of Paradise Ice Cream Store, a California Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> Financial Industry Regulatory Authority, Inc., <br><br> Defendant. | Case No. 17-mc-80026-LB <br><br> (D. Ariz. No. 14-cv-04420-NC) <br><br> **REPLY DECLARATION OF ELIZABETH A. MCNAMARA IN FURTHER SUPPORT OF MOTION TO QUASH SUBPOENA** <br><br> Hearing Date:   April 6, 2017 <br> Hearing Time:  9.30 a.m. <br> Courtroom C |

        I, ELIZABETH A. MCNAMARA, being of lawful age and otherwise competent to testify

in a court of law, do hereby declare under penalty of perjury that the following is true and correct

pursuant to 28 U.S.C. §1746:

        1.        I am a partner at Davis Wright Tremaine LLP, counsel to non-party journalist William

Meagher, and am admitted to practice before this Court *pro hac vice*.  I make this reply declaration

based on my personal knowledge and submit this declaration, together with the exhibit annexed

-1-

REPLY DECL. OF MCNAMARA IN SUPPORT OF MOTION TO QUASH
Case No. 17-mc-80026-LB
NG-S40TG52V 4813-1227-7829v.1 0090219-000012

DAVIS WRIGHT TREMAINE LLP

hereto, in support of Mr. Meagher's motion to quash a subpoena served on him by the plaintiffs ("Plaintiffs") in an action currently pending before the United States District Court of Arizona. *Hurry v. Financial Industry Regulatory Authority,* Case No. CV-14-02490-PHX-ROS (D. Ariz) (the "Arizona Action").

2.      On February 28, 2017, I spoke with Jordan Susman, counsel for Plaintiffs, via telephone to discuss the subpoena that was served on my client, William Meagher, which demanded that Mr. Meagher appear for a deposition in San Francisco on March 1, 2017 (the "Subpoena").  In the afternoon of the previous day, I sent Mr. Susman a letter requesting that Plaintiffs voluntarily withdraw their Subpoena and explaining that Mr. Meagher were prepared to move to quash the Subpoena in order to protect his rights under the statutory and constitutional reporters' privilege.  Prior to February 28, Plaintiffs did not meet and confer in advance of the deposition pursuant to Local Rule 30.1.  Thus, my letter was the first communication between counsel for the Plaintiffs and Mr. Meagher regarding the Subpoena.

3.      During our initial call, Mr. Susman advised me that he was not prepared to withdraw the Subpoena and that he was entitled to depose Mr. Meagher on March 1, 2016.  However, Mr. Susman indicated that he was prepared to withdraw Plaintiffs' document demands.  Mr. Susman also suggested deposition questions that he claimed were both relevant and not targeted at obtaining privileged information about Mr. Meagher's confidential source(s), such as whether Mr. Meagher wrote the articles at issue in the Arizona Action and whether those articles contained opinion.

4.      Having taken Mr. Susman's offer of a limited deposition under advisement, I responded to Mr. Susman later that day to inform him that Mr. Meagher would not appear at the deposition scheduled for March 1, 2017.  I also notified Mr. Susman that Mr. Meagher would file the motion to quash the Subpoena, which is currently pending before this Court, in order to vindicate his rights.

5.      However, in an effort to avoid further unnecessary spending on motion practice, I told Mr. Susman that my client was prepared to consider responding to written discovery questions, subject to the protections of the reporters' privilege and any other objections for good cause.  Mr.

*DAVIS WRIGHT TREMAINE LLP*

Susman indicated that he would consider this offer.  I have not received any communications from Mr. Susman regarding written discovery and it appears that Plaintiffs are determined to depose Mr. Meagher.

6.      On March 7, 2017 – one week after Mr. Meagher filed his motion to quash – lawyers for FINRA filed an unopposed motion to continue the summary judgment briefing deadline in the Arizona Action.  Annexed hereto as Exhibit A is a true and correct copy of FINRA's Unopposed Motion to Continue Dispositive Motion Deadline filed in the Arizona Action, 14-cv-02490-ROS (D. Ariz. Mar. 7, 2017) (the "FINRA Motion").  The FINRA Motion states that "a former employee of one of the Hurry's businesses" revealed at his deposition that "he was the reporter Bill Meagher's source for the allegedly defamatory statements in Mr. Meagher's articles that plaintiffs have erroneously attributed to FINRA."  *Id.* at 2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 21st day of March, 2017 in New York, New York.

_/s/ Elizabeth A. McNamara_____
Elizabeth A. McNamara

DAVIS WRIGHT TREMAINE LLP