UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN J. HURRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,<br><br>Defendant. | Case No.17-mc-80026-LB<br><br>**ORDER QUASHING SUBPOENA**<br><br>Re: ECF No. 1 |

The plaintiffs sued the Financial Industry Regulatory Authority ("FINRA") in the District of Arizona; the two remaining claims are defamation and false light based on FINRA's allegedly providing false information to the reporter William Meagher. *See Hurry v. Fin. Indus. Reg. Auth. Inc.*, No. CV-14-02490-PHX-ROS, 2015 U.S. Dist. LEXIS 90147, at *9–11 (D. Ariz. Apr. 4, 2016). Mr. Meagher published articles between 2013 and 2015 about whether the plaintiffs' stock-brokerage firm was involved in a fraud; the articles were based on a confidential source (thought by plaintiffs to be FINRA). *Id.* They subpoenaed Mr. Meagher for a deposition and for documents relating to his communications with his source. (ECF No. 3-1 at 5.[1]) Mr. Meagher moved to quash

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER — No. 17-mc-80026-LB

on the ground that his communications are protected by California's reporter's-shield law and the reporter's privilege under the federal and California constitutions. (Motion to Quash – ECF No. 1).

The plaintiffs concede in their opposition that Mr. Meagher's information about his sources is not a proper subject of a subpoena, and they say that they "will not seek information protected by California's shield law." (Opposition – ECF No. 12 at 3.) But they maintain that FINRA's defense is that the statements in Mr. Meagher's articles are statements of opinion, and they are entitled to ask Mr. Meagher if the statements are opinion. (*Id.*) They want to ask other questions too:

- Did Mr. Meagher write every word in the articles?
- Did he write the headlines?
- Do the articles contain hyperbole, opinion, or conjecture?
- What steps did Mr. Meagher take to fact-check his articles?
- What are his publication's policies for fact-checking stories, and did he follow the policies?
- What are his publication's policies for verifying sources, and did he follow the policies?

(*Id.* at 6–7.) They conclude that Mr. Meagher can object to any questions on the ground that it is protected by the reporter's privilege, but he cannot resist a deposition entirely. (*Id.* at 7.)

After Mr. Meagher filed the motion to quash, a former employee of the plaintiffs identified himself as Mr. Meagher's source. (ECF No. 13-2 at 3.) As Mr. Meagher points out in his reply, this means that the plaintiffs' claims against FINRA in the District of Arizona case survive only if the plaintiffs identify FINRA as a separate source. (Reply – ECF No. 5.)

The relevance of any deposition of Mr. Meagher is to support the plaintiffs' defamation claims against FINRA. Information is relevant if it establishes that FINRA was the source of the information in Mr. Meagher's articles. But as the plaintiffs concede, that information is protected, and they cannot seek it. Other topics — fact-checking, writing every word, policies about fact-checking and verifying sources, and following policies — do not bear on his claims against FINRA. Or rather, if they do, it is because they necessarily call for Mr. Meagher to reveal information about his use of confidential sources to research and write his articles. That is the only

information material to the Arizona case, and it is protected for the reasons that Mr. Meagher advances.

In sum, the subpoena appears targeted only at privileged information. The court rejects the plaintiffs' argument that the proper procedure is to require Mr. Meagher's deposition and require serial objections to questions on the ground of privilege. *See Lemberg Law LLC v. Hussin*, No. 16-mc-80066-JCS, 2016 U.S. Dist. LEXIS 76222, at *17 (N.D. Cal. June 13, 2016). In *Lemberg Law*, the court rejected a similar argument — the attorney-client privilege can be asserted only with respect to specific documents or deposition questions — and held that such an approach would "virtually nullify Rule 45(d)(3)(A)(iii), which *requires* the Court to quash a subpoena that 'requires disclosure of privileged or other protected matter,' and would be inconsistent with cases where courts have quashed deposition subpoenas that appear to be targeted at privileged subject matter." *Id.* (emphasis in original). Moreover, the discovery must be relevant to the claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). To the extent that information is not privileged, it is of limited relevance to the Arizona lawsuit. The court quashes the subpoena, with the following caveat.

Mr. Meagher offers a compromise about general editorial practices; he notes that this information can be disclosed without a deposition. (Reply – ECF No. 13 at 13.) He also offered to explore the possibility of responding to written discovery; the plaintiffs rejected that compromise. (*Id.*) If the plaintiffs want to propound written discovery that is not geared toward privileged information, they may do so within seven days. Mr. Meagher has seven days to object, and the parties have seven days after that to file a joint letter brief that complies with the court's standard practices for discovery disputes (set forth in the attached standing order).

**IT IS SO ORDERED.**

Dated: April 7, 2017

_____
LAUREL BEELER
United States Magistrate Judge